UNITED STATES DISTRICT COURT
MIDDLE DISTRICT ORLANDO, FLORIDA

**CARLOS RAMOS**, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

v.

CASE NO. 6:15-cv-647-Orl-18-GJK

**FFI HOLDING FLORIDA INC.**
*dba* **LA FAMILIA PAWN and JEWELRY, CDYNE CORP.**

Defendants,

**VERIFIED COMPLAINT**

_____/

## CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES UNDER 47 U.S.C. § 227 *et. seq.*, THE TCPA
## JURY DEMAND

1. Defendant (FFI) sent unsolicited texts messages, willfully or knowingly, to an undetermined number of consumers using an automatic telephone dialing system (ATDS) without their prior express written consent. These marketing text messages were sent from about January 2014 to December 2014.

2. Text messages are "calls" within the context of the TCPA. *Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009)*.

3. In brief, defendant(s) sent out an undetermined number of unlawful marketing text messages to consumer's cellular phones in violation of the

1

TCPA. By sending these unauthorized text messages (aka SMS Messages) knowing that the Defendant(s) had not obtained prior express written consent by the parties and by using equipment and/or software capable of storing and dialing numbers randomly, sequentially or from a database of numbers, without human intervention, using an auto-dialer or a predictive dialer.

4. Upon information and belief, **FFI** or any agent acting on his behalf, sent unsolicited marketing text messages, from the '*long code*" number (1-617-871-9509) in combination with the "*short code*" number (74121) used to reply to the SMS, without prior express consent, from Ramos or the members of the Class from January 2014 through December 2014.

5. Defendant(s) have caused actual harm diminishing consumer's cellular battery life and reducing data storage capacity. In addition, consumers have to frequently pay their service providers for the receipt of these intrusive and unwanted text messages.

6. The FCC recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

7. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Ramos provided express

consent within the meaning of the statute. *See FCC Declaratory Ruling, 23 FCC Rcd at 565.*

8. In order to redress these injuries, Ramos, on behalf of himself and the proposed class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited voice and text calls to wireless phones. On behalf of the class, Ramos seeks statutory damages, permissible treble award for each violation, together with costs and reasonable attorney's fees.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this class action lawsuit under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Venue in this District is proper because Ramos resides here and Defendant(s) sent numerous wireless spam to other individuals residing within this District.

10. The Court has jurisdiction because this class action is not subject to removal under the Class Action Fairness Act, *inter alia*, as the amount in controversy does not exceed $5,000,000.

## PARTIES

11. Plaintiff, Carlos Ramos (Ramos), is a natural person, and a citizen of the State of Florida, residing in Osceola County, Florida.

12. Defendants, **FFI Holding Florida, Inc.** *dba* La Familia Pawn and Jewelry (**FFI**) a Florida Corporation, headquartered in 2600 LAKE LUCIEN DRIVE SUITE 116 MAITLAND, FL 32751 US

13. **CDYNE CORP.** a Virginia Corporation, headquartered in 505 INDEPENDENCE PWAY SUITE 300 CHESAPEAKE, VA 23320.

## FACTUAL ALLEGATIONS

*14.* Ramos states that he has indeed pawned an item once at La Familia and then in another occasion, about March or April 2014, Ramos *sold* to La Familia two items, an external hard disk drive (HDD) and an electrical extension cord.

*15.* Ramos realized that he had some sensitive data inside the HDD and within a few days went back to La Familia (1818 S. Semoran Blvd, Orlando, FL 32822) and spoke to Wilmar M. Mazo, (Sales and Lending Associate), and explained to Mr. Mazo that he wanted to "buy back" both items.

16. Mr. Mazo explained that the items could not be sold back to Ramos for (30) days from the date of the initial transaction. At that point Ramos gave Mr. Mazo his cellular number for the *"explicit purpose"* to be called as soon as the items were available for sale. About (30) days later, Mr. Mazo called Ramos to notify him that both items were available. Ramos bought both items back.

17. Ramos states that he did not give prior express consent to **FFI** *dba* La Familia Pawn and Jewelry (**La Familia**), or any third party acting in behalf of **FFI**, to receive marketing text messages to his cellular phone.

18. FFI and any agent acting in behalf of FFI, engaged in a marketing campaign and sent (3) generic marketing text messages (SMS) to Ramos' cellular phone on April 28, 2014 (see attached); the body of the text was promoting a drawing and a (25%) discount from 5/5/2014 and 5/10/2014, just before mother's day, for purchases up to ($500.00).

19. The three (3) text messages were sent using a *"long code"* dedicated phone number (DID) (1-617-871-9509) in combination with a *"short code"* number (74121); the *"short code"* number is generally used for transmitting *en masse* wireless text messages. (*See CDYNE FAQ attached*).

20. Upon information and belief, Defendants sent similar transmissions of wireless spam to a list of cellular telephone numbers on a mass basis.

21. TCPA is a consumer protection statute that is remedial in nature, it should be construed liberally in favor of consumers. <u>Gager, 727 F.3d at 271</u>; *also see,* <u>Carmichael v. Nissan Motor Acceptance Corp., 291 F.3d 1278, 1280 (11th Cir.2002) (per curiam)</u>

## **CLASS ACTION ALLEGATIONS**

22. This action is brought on behalf of a class consisting of:

    All persons in the State of Florida who received text messages from Defendant(s) (FFI) originating from the "long code" number (1-617-871-9509) on or about April 2014 up to December 2014 and received text advertisements from Defendant, or any party on behalf of Defendant, to their cellular telephone wherein said text messages were sent using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator during the two years period prior to the filing of the complaint in this action through the date of certification.

23. Excluded from the Class are Defendant(s), their legal representatives, assigns, and successors, and any entity in which the Defendant has a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned, the Judge's immediate family. Ramos reserves the right to amend the above-stated Class definition based upon facts learned in discovery.

24. Ramos alleges on information and belief based upon the Defendant's use of mass text messages that the class is so numerous that joinder of all members of the class is impractical. There are more than fifty (50) individuals in the Class.

6

25. The Eleventh Circuit has held that "generally, less than twenty-one (21) is inadequate, more than forty (40) is adequate.'" *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)).

26. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual and/or legal issues common to each class member are as follows:

    (a) Whether Defendant's conduct is governed by the TCPA?

    (b) Whether the text message advertisements sent by Defendant violated the TCPA?

    (c) Are the class members entitled to treble damages based upon the willfulness or knowingness of Defendant's conduct?

27. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole.

## COUNT ONE
## WILLFUL OR KNOWING VIOLATION OF THE TCPA

29. Ramos incorporates Paragraphs 1 through 28.

30. Defendant willfully or knowingly sent unsolicited text messages to Ramos and the members of the putative class using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

31. The text messages (SMS) were made *willfully or knowingly* and without the prior express consent of the parties.

32. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

*SPACE LEFT IN BLANK*

8

## **RELIEF**

**WHEREFORE,** Ramos requests that the Court enter judgment in his favor and in favor of the Class, and against Defendant(s) for:

(A) An order certifying this case to proceed as a class action;

(B) Statutory damages of up to $1500 dollars per text message for each willful or knowing violation of the TCPA;

(C) Reasonable attorney's fees and costs;

(D) Such further relief as this Court may deem appropriate.

Ramos demands a jury trial.

Ramos swears under the penalties of perjury that the facts and statements stated herein are true and correct based upon Ramos' knowledge and belief.

This complaint is dated this 20th day of April of 2015.

Respectfully Submitted,

*[signature]*

Carlos Ramos *pro se*
823 Ognon Court
Kissimmee FL 34759
charlie.ramos@gmail.com