UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS RAMOS
    Plaintiff,

v.                                        Case No. 6:15-cv-647-Orl-22GJK

FFI HOLDINGS FLORIDA, INC.
and CDYNE CORP.,
    Defendants,
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Carlos Ramos (Ramos), hereby respectfully submits this brief in opposition to Defendant's Motion to Dismiss.

## MOTION TO DISMISS STANDARD

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to

1

relief." When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1066 (11th Cir. 2007)*. A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly, 550 U.S. at 555*. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and `that a recovery is very remote and unlikely.'" *Twombly, 550 U.S.* at 556.

Ramos will submit legal authorities to address the Defendant's Motion to Dismiss as follows:

**On Section III** of Defendant's Motion it states that Ramos gave his consent when he gave the sales associate his number, regardless of the fact that Ramos gave his number for the *"explicit purpose"* to only be called back when the merchandise Ramos sold to "La Familia Pawn Shop" became available for sale after the legally required (30) days holding period. The Defendant cites in support that when Ramos gave his number he gave consent to receive unsolicited and unauthorized marketing calls or text messages, *Murphy v. DCI Biologicals Orlando, LLC, Case No. 6:12-cv-1459-Orl-36KRS. (M.D. Fla. Dec. 31, 2015)*.

2

In the same case the court stated in part on (FN 7):

*"The FCC did revise its regulations regarding the TCPA in its 2012 Order, changing "express consent" to "express written consent." See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 27 F.C.C.R. 1830, 1831 ¶ 2, 2012 WL 507959 (Feb. 15, 2012) ("2012 FCC Order") ("Specifically, in this Order, we . . . revise our rules to require prior express written consent for all autodialed or prerecorded telemarketing calls to wireless numbers . . . ."). However, this new "express written consent" rule did not take effect until October 16, 2013, and therefore cannot be applied in this case. Id. at 1857 ¶ 66 ("[W]e establish a twelve-month period for implementation of the requirement that prior express consent be in writing for telemarketers employing autodialed or prerecorded calls or messages.").*

Ramos asserts that he did not give his express written consent, his **_limited and explicit consent_** was to be called back as soon as the merchandise he pawned to "La Familia Pawn" became available for sale. Ramos did not give his written consent to receive telemarketing calls or text messages to his wireless number.

Furthermore, under the above-mentioned FCC's amended regulations, telemarketers must obtain the prior express <u>written</u> consent of the called party for autodialed or prerecorded telemarketing calls to wireless numbers and prerecorded calls to residential landlines. Significantly, there is no **_"grandfathering"_** of consents that had been obtained under the FCC's prior rules.

3

Instead, telemarketers must obtain new consent that:

- *Is in writing bearing the signature of the person providing consent (written consent includes an electronic or digital form of signature pursuant to the E-SIGN Act);*
- *Specifies the telephone number to which the person is consenting to be called;*
- *Clearly authorizes the company to call the person using an ATDS or prerecorded message for telemarketing purposes.*

Defendant does not allege that FFI had Ramos' consent agreement in writing and with his signature. Unless defendant can produce proof of Ramos written and signed consent, defendant's argument fails, the burden will be on the defendant to show it obtained the necessary prior express consent.'"); FCC Declaratory Ruling 07-232, 23 FCC Rcd. 559 at ¶ 10

**On section IV** the defendant alleges that because Ramos replied to the second marketing text message with *"more info"* that Ramos was indeed providing his consent to receive the unsolicited marketing text messages. Again, this argument fails for the same reason stated above, the new TCPA **"*express written consent*"** requirements that were in effect at the time the unsolicited marketing texts messages were received by Ramos' wireless phone.

**On paragraph V,** Defendant contends that Ramos failed to plead a claim under Rule 12(b)(6) by not providing the phone number or the time the texts were received. Defendant does not cite any authorities to support its position.

4

*In Manfred v Bennett Law PLLC and Wal-mart Stores Inc., Case No. 12-CV-61548-SElTZ/SIMONTON. USDC SD Florida, fn 2 states:*

*Fn 2: Contrary to **Bennett Law's** contention, Plaintiff need not allege his specific cellular telephone number. The statute simply states that the call must be made to "any telephone number assigned to a ... cellular telephone service." **Bennett Law** has provided no authority to support its position that Plaintiff's complaint must disclose Plaintiff's cell phone number.*

*See also: Williams v. Bank of America, No. 14-4809-RBH (D.S.C. June 19, 2015).*

There are a number of district court decisions that reject the position of providing the phone number and the time the calls/texts were sent/received at the pleading stage in order to provide adequate notice to a TCPA defendant.

In conclusion, Ramos respectfully request this court to denied Defendant's Motion to Dismiss.

Respectfully Submitted,

*[signature]*

Carlos Ramos
14830 Del Morrow Way
Orlando, FL 32824

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on August 24, 2015 I sent via USPS Plaintiff Opposition to Defendant's Motion to Dismiss to the USDC Clerk of the Court of the Middle District Orlando Division Florida located at 401 W Central Blvd, Orlando FL 32801 and to Defendant's counsel Shenna Thakrar via email at sthakrar@burr.com and USPS at 200 S Orange Ave Suite 800, Orlando FL 32801.